**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4258**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRON ANDERSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (CR-03-1140)

---

Submitted: October 24, 2005          Decided: November 14, 2005

---

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Tara L. McGregor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tron Anderson appeals from the judgment of the district court convicting him of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e), and sentencing him to 188 months' imprisonment. Finding no error, we affirm.

Anderson claims on appeal that the district court unreasonably imposed his federal term of incarceration to run consecutive to, rather than concurrent with, a previously imposed state sentence. Under U.S. Sentencing Guidelines Manual § 5G1.3(a) (2003), a court is directed to apply a consecutive term of imprisonment for any crime that occurs while a defendant is serving an existing term of imprisonment. See USSG § 5G1.3(a). Anderson does not dispute that he was serving an existing term of imprisonment. In fact, Anderson's possession of the firearm occurred when he was attempting to escape from state custody, where he was incarcerated for multiple drug charges.

Instead, Anderson argues that the record is unclear as to whether the district court recognized that it had the authority to ignore the mandatory nature of § 5G1.3(a) and impose a concurrent sentence, in light of the now-advisory nature of the sentencing guidelines. He further contends that the district court made no reference to the factors set forth in 18 U.S.C.A. § 3553(a) when determining his sentence.

Having reviewed the record, we find no error. The district court was adequately informed of the discretion it had to impose a concurrent sentence. Furthermore, the record reveals that the district court was aware of the factors set forth in § 3553(a) and that the sentence took these factors into account.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>